**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TODD EVANS, | ) |
|     Plaintiff, | ) 3: 09-cv-0319-LRH-VPC |
| vs. | ) |
| | ) **ORDER** |
| E. K. McDANIELS, *et al.*, | ) |
|     Defendants. | ) |

Plaintiff, an inmate at Ely State Prison, is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed in part.

**I.     Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Screening of the Complaint**

Plaintiff sues defendants E. K. McDaniels, Dr. Bishop, Dr. Milner, S C/O Bradford, S C/O Romero, and several Doe defendants in both their individual and official capacities for violation of his constitutional rights.

**A.    Defendants**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**B.    Count I**

In count one, petitioner first alleges that on August 4, 2006, he was found guilty of a disciplinary violation without any notice of the charges and without a hearing. Petitioner identifies the applicable case number.

Congress has provided no specific statute of limitations for section 1983 actions. Instead, state statutes of limitations apply in section 1983 cases unless the state laws are inconsistent with federal law. 42 U.S.C. § 1988. The Supreme Court has held that for purposes of selecting a statute of limitations, section 1983 actions are best characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). The applicable statute of limitations for 1983 actions brought in Nevada is two years. NRS 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), *cert,*

3

*denied,* 493 U.S. 860 (1989). Federal law determines when a cause of action accrues; a federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

The court finds that plaintiff's claim based on a finding of guilt in a disciplinary matter on August 4, 2006, is barred by the statute of limitations. This portion of count one will therefore be dismissed with prejudice for failure to state a claim.

Petitioner makes repeated claims throughout his complaint that defendants have taken paperwork and other personal property from his cell. In *Hudson v. Palmer*, the United States Supreme Court held that intentional deprivation of an inmate's property by prison employees does not violate the Due Process Clause, provided that adequate state post-deprivation remedies are available. 468 U.S. 517, 533-534 (1984). Nevada law provides for civil actions for the wrongful deprivation of property by state officials. *See* NRS 41.031; NRS 41.0322.[1] Plaintiff may seek redress in the state system, but he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. Therefore, plaintiff's claims for deprivation of property will be dismissed with prejudice.

Plaintiff claims that defendants have given rival gang members personal information about him garnered from searches of his cell and his mail. Alleged sources of information includes address books, letters, pictures of family members, visiting files, and legal documents. Petitioner also claims that defendants have subjected him to sleep deprivation through constant noise from speakers and from banging on pipes. Petitioner claims that this was done in retaliation of his use of the prison grievance system.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima

---

[1] A person who is or was in the custody of the Department of Corrections may not proceed with any action against the Department or any of its agents, former officers, employees or contractors to recover compensation for the loss of his personal property, property damage, personal injuries or any other claim arising out of a tort pursuant to NRS 41.031 unless the person has exhausted his administrative remedies provided by NRS 209.243 and the regulations adopted pursuant thereto.

facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). The court finds that the allegations in plaintiff's complaint are sufficient to state a retaliation claim against defendants.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 835; *see Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (prisoners have

an Eighth Amendment right to an environment reasonably free of excess noise); The court finds that plaintiff states a colorable Eighth Amendment conditions of confinement claim based on his allegations of sleep deprivation by defendants

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d at 1250-51; *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." *Farmer v. Brennan*, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834(citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837; *see Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (verbal harassment intended to humiliate or endanger an inmate may violate the Eight Amendment.)   The court finds that plaintiff's allegations in count one state a colorable Eighth Amendment failure to protect claim based on his allegations of defendants giving his personal information to rival gang members.

**C.     Count II**

In count two, plaintiff specifies multiple acts of harassment by defendants similar to those alleged in count one. These acts include the creation of noise to deprive him of sleep for two to three days at a time, deprivation of food, and deprivation of incoming mail**.**   These allegations are sufficient to state colorable First and Eighth Amendment claims under the authorities discussed above.

**D.     Count III**

In count three, plaintiff alleges ongoing violations of prisoners' constitutional rights, resulting from lack of training of staff and lack of accountability to the Warden. These alleged violations include gang members being "crossed out" on a regular basis, and having inmates assault each other for the staff's entertainment. As set forth above, the statute on which this civil rights action is based plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. In count three, plaintiff

does not identify any defendant who committed the acts he alleged. The court will therefore dismiss count three for failure to state a claim.

### III.     Motion for Temporary Restraining Order

On December 9, 2009, plaintiff filed a motion for a temporary restraining order. (Docket #9.) In his motion, plaintiff alleges irreparable injury based on claims of torture and sleep deprivation.

Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order. The Court can issue a temporary restraining order if the moving party has shown either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), *quoting Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. *Oakland Tribune*, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Id*. In the absence of a significant showing of irreparable injury, the Court need not reach the issue of likelihood of success on the merits. *Id*.

Defendants will be directed to respond to plaintiff's motion.

**IT IS THEREFORE ORDERED** that the portion of count one based on a finding of guilt in a disciplinary matter on August 4, 2006, is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's claims for deprivation of property are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** count three is **DISMISSED**.

**IT IS FURTHER ORDERED** that the court notes that the complaint received by the court was without its last pages, would have contained plaintiff's request for relief and plaintiff's signature. Plaintiff shall therefore file those final pages of the complaint with the court and serve them on defendants at the below address within ten (10) days of receipt of this order.

**IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this order, along with a copy of Plaintiff's complaint (docket #8) and a copy of plaintiff's motion**

1  **for temporary restraining order (docket #9), to the Office of the Attorney General of the State
2  of Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St., Carson City,
3  Nevada 89701-4717**.  The Attorney General shall advise the court within **ten (10) days** of the date
4  of entry of this order whether they can accept service of process for the named defendants and the
5  last known address under seal of the defendants for which they cannot accept service.  If the
6  Attorney General accepts service of process for any of the defendants, such defendant(s) shall file
7  and serve a response to plaintiff's motion for a temporary restraining order within the same ten (10)
8  days. Defendants shall file an answer or other response to the complaint within **thirty (30) days** of
9  the date of the notice of acceptance of service.

10          **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND
11  FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days**
12  from the date of the entry of this order.

13          **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants or, if an
14  appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or
15  other document submitted for consideration by the court.  Plaintiff shall include with the original
16  paper submitted for filing a certificate stating the date that a true and correct copy of the document
17  was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of
18  appearance, the plaintiff shall direct service to the individual attorney named in the notice of
19  appearance, at the address stated therein.  The court may disregard any paper received by a district
20  judge or magistrate judge which has not been filed with the Clerk, and any paper received by a
21  district judge, magistrate judge or the Clerk which fails to include a certificate showing proper
22  service.

23          DATED this 23rd day of July, 2010.

26          _____
            LARRY R. HICKS
27          UNITED STATES DISTRICT JUDGE

28

_____
Name
_____
Prison Number (if applicable)
_____
Address
_____
_____

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____,  )   Case No. _____
             Plaintiff,           )
                                  )
v.                                )   **NOTICE OF INTENT TO**
                                  )   **PROCEED WITH MEDIATION**
_____    )
                                  )
_____    )
             Defendants.          )
_____    )

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.   Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

    _____

    _____

    _____

3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

    _____

    _____

    _____

4.   List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

    _____

9

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this _____ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or

Dated this _____ day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

10