UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TODD EVANS,<br><br>        Plaintiff,<br><br>    v.<br><br>E.K. McDANIELS, *et al.*,<br><br>        Defendants. | 3:09-cv-00319-LRH-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**<br><br>August 25, 2010 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for temporary restraining order (#9). Defendants opposed (#14), and plaintiff has not replied. The court has thoroughly reviewed the record and the motions and recommends that plaintiff's motion for temporary restraining order be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Todd Evans ("plaintiff") is a prisoner at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#8). Plaintiff alleges that defendants have violated his rights under the First, Eighth, and Fourteenth Amendments.[1] The court has previously screened the complaint and determined that the following claims in counts I and II could proceed and that all claims in count III should be dismissed.

---

[1] Plaintiff also claims that defendants have violated his rights under the Fifth Amendment. "The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government – not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). Plaintiff does not allege that any of the defendants are federal actors. Accordingly, the court holds that plaintiff has failed to state a claim alleging a violation of the Fifth Amendment. However, the court construes his allegations of due process violations under the Fourteenth Amendment. *See Sagana v. Tenori*, 384 F.3d 731, 736-37 (9th Cir. 2004) (noting that as long as the defendant "receives notice of what is at issue in the case," there is no need to specifically identify the statutory or constitutional source of the claim raised).

1          In count I, plaintiff alleges that defendants have retaliated against him for his use of the
2  prison grievance system by depriving him of sleep and also sharing information about him with rival
3  gang members. Plaintiff's claim for sleep deprivation also constitutes a colorable conditions of
4  confinement claim under the Eighth Amendment.

5          In count II, plaintiff specifies multiple acts of harassment by defendants similar to those
6  alleged in count one. These acts include the creation of noise to deprive him of sleep for two to three
7  days at a time, deprivation of food, and deprivation of incoming mail. These allegations have been
8  found to be sufficient to state a colorable Eighth Amendment claim as well as a retaliation claim
9  under that First Amendment.

10         As noted above, the court has dismissed all claims in count III.

11         After screening the complaint, the court ordered that defendants respond to plaintiff's request
12 for a temporary restraining order (#11). In his motion, plaintiff alleges that he has been wrongly
13 labeled a mental health patient, that defendants classified him as mentally ill after a "two minute
14 conversation," and that they "subject[ed] him to involuntary psychiatric treatment with[out]
15 affording him additional process protection" (#9). He argues that "being arbitrarily classified as
16 mentally ill and subject to the unwelcome treatment . . . is substantial enough to warrant appropriate
17 procedural safeguards against error." *Id.* In his words, he notes that he has been "transferred to
18 seclusion cell for purpose of torture and for medication, this torture is threw [sic] the use of speakers.
19 loud noises and staff telling you to take the medication or hang yourself. (24) sleep deprivation are
20 routin [sic] sometimes to (3) days. these speakers are operated by unit officers" (#9, p. 1).
21 Presumably, he seeks preliminary injunctive relief in the form of a court order requiring that the
22 NDOC transfer him from his current housing situation.

23         The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
24 appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
25 of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*
26 *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

27 ///
28 ///

2

## II. DISCUSSION & ANALYSIS

**A.    Discussion**

### 1.    Temporary Restraining Order Legal Standard

Federal Rule of Civil Procedure 65 provides for preliminary injunctions and restraining orders.  The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements."  11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2951 (2d ed. 2007).

The preliminary injunction is an "extraordinary and drastic remedy." *Munaf v. Geren*, 128 S.Ct. 2207, 2219 (2008).  Its sole purpose is to preserve the *status quo ante litem* (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2947 (3d ed. 2009) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits.").  Moreover, the Prison Litigation Reform Act ("PLRA") admonishes a court in the issuance of such an order:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . .

18 U.S.C. § 3626(2).

The Supreme Court has held that a party seeking a preliminary injunction must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008)).  Prior to

1  *Winter*, this circuit employed a "serious questions" test in its issuance of preliminary injunctive
2  relief, where a stronger showing of one element could offset a weaker showing of another. *See Clear*
3  *Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). Given *Winter*'s
4  statement on the elements necessary to obtain a preliminary injunction, circuit courts seriously
5  questioned the "serious questions" approach. *See Am. Trucking Ass'ns, Inc. v. City of Los Angeles*,
6  559 F.3d 1046, 1052 (9th Cir. 2009) ("To the extent that our cases have suggested a lesser standard,
7  they are no longer controlling or even viable."); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th
8  Cir. 2009) (same).

9  Yet in *Alliance for the Wild Rockies v. Cottrell*, --- F.3d. ----, 2010 WL 2926463, at *4 (9th
10 Cir. July 28, 2010), the Ninth Circuit resurrected the "serious questions" test and explained that
11 *Winter* did not undermine it. Rather, the "serious questions" approach survives *Winter* when applied
12 as part of the four-element *Winter* test. *Id.* at 4. The *Alliance* court reasoned that "flexibility is the
13 hallmark of equity jurisdiction," *Id.* (quoting *Winter*, 129 S. Ct. at 391 (Ginsburg, J., dissenting)),
14 and that "[t]he value of [the "serious questions" sliding scale test] to assessing the merits of a claim
15 at the preliminary injunction stage lies in its flexibility in the face of varying factual scenarios and
16 the greater uncertainties inherent at the outset of particularly complex litigation." *Id.* at 6 (quoting
17 *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d
18 Cir. 2010)). Given the "accelerated schedule" with which such motions come before a court, "it can
19 seem almost inimical to good judging to hazard a prediction about which side is likely to succeed."
20 *Id.* at 12 (Mosman, D.J., concurring). "[I]n many, perhaps most, cases the *better* question to ask is
21 whether there are serious questions going to the merits. That question has a legitimate answer.
22 Whether plaintiffs are likely to prevail often does not." *Id.* (emphasis in original).

23 Clarifying the new legal standard, the *Alliance* court held that "'a preliminary injunction is
24 appropriate when a plaintiff demonstrates . . . that serious questions going to the merits [are] raised
25 and the balance of hardships tips sharply in the plaintiff's favor.' Of course, plaintiffs must also
26 satisfy the other *Winter* factors, including the likelihood irreparable harm." *Id.* (quoting *Lands*
27 *Council v. McNair*, 537 F.3d 981, 986 (9th Cir. 2008)).

28 ///

4

**B.     Analysis**

Plaintiff has sought a temporary restraining order (#9). Defendants argue that plaintiff has not made a sufficient showing on the required elements for preliminary injunctive relief (#14).

**1.     Likelihood of Irreparable Harm**

"Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 129 S. Ct. at 375 (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ( per curiam)). Courts generally look at the immediacy of the threatened injury in determining whether to grant preliminary injunctions." *Privitera v. Cal. Bd. of Med. Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991). Here, plaintiff has not demonstrated that he is in immediate danger of injury. Although the noises in plaintiff's unit may be annoying, plaintiff has not presented sufficient evidence that exposure to such noise constitutes irreparable harm. At this time and on this record, the court cannot determine that plaintiff will suffer irreparable harm. Therefore, this factor weighs in favor of defendants' position.

**2.     Likelihood of Success on the Merits**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* Here, a liberal reading of plaintiff's complaint reveals that the imposition of these conditions may have been in violation of plaintiff's constitutional rights, but plaintiff does not demonstrate any probability of prevailing. Nor does plaintiff present any facts or argument that raise serious questions. This case is not unlike that of many inmates who believe that prison officials' actions and the general conditions of the prison fail to pass constitutional muster. This factor weighs in favor of denying the motion.

### 3. Balance of Hardships

The balance of hardships does not tip sharply in plaintiff's favor. Issuance of any preliminary injunctive relief would require this court to significantly interfere with the internal processes of the NDOC. Movement of prisoner in a maximum-security facility involves risks to the safety and security of the institution. Given that the court must accord "substantial weight" to the effects of injunctive relief on the operation of the prison, the court finds that the balance of hardships favors the defendants. *See* 18 U.S.C. § 3626(a)(2).

### 4. Public Interest

With respect to the public interest, the court must consider the public interest in issuing the injunction against the public interest in not issuing the injunction. Here, the public is not served where the court's order would compromise the safety and security of the prison.

Therefore, plaintiff's motion for temporary restraining order is denied.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not sufficiently shown that he will suffer irreparable injury. Nor has plaintiff presented any serious questions as to the merits of his claim. As such, the court recommends that plaintiff's motion for a temporary restraining order (#9) be **DENIED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

6

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for temporary restraining order (#9) be **DENIED**.

**DATED:** August 25, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**