UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| TODD EVANS,               ) | |
|                           ) | 3:09-cv-00319-LRH-VPC |
|            Plaintiff,     ) | |
|                           ) | ORDER |
| vs.                       ) | |
|                           ) | |
| E.K. McDANIEL, et al.,    ) | |
|                           ) | |
|            Defendants.    ) | |

Before the court is Plaintiff Todd Evans's ("Plaintiff") Motion to Vacate Settlement and Reopen Case (#86[1]). Defendants E.K. McDaniel, Terrell Bishop, Carol Milner, and Walter Romero (collectively "Defendants") have opposed Plaintiff's Motion (#88).

After filing suit against Defendants for various claims of constitutional rights violations, the case was dismissed on August 17, 2011, because Plaintiff and Defendants had reached a settlement agreement (#85). On March 21, 2013, more than a year and a half later, Plaintiff filed this instant Motion to Vacate Settlement, claiming the correctional officers coerced him into agreeing to the settlement. Plaintiff alleges the officers tried to use other inmates to attack him and alleges the officers would observe him to determine how and when to tamper with his legal paperwork.

"[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons, including fraud, misrepresentation, misconduct by an opposing party, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(3) and (6). While a

---

[1] Refers to the court's docket entry number.

Rule 60(b)(6) motion for relief from final judgment must simply be made within a reasonable time, a Rule 60(b)(3) motion must be made within a year of entry of the judgment. Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff claims to bring his motion under Rule 60(b)(6). However, his motion alleges certain coercive acts by Defendants' agents and is more appropriately classified under Rule 60(b)(3)'s "misconduct by an opposing party." Thus, Plaintiff had only one year from the court's final entry of judgment to file his motion. Because his motion was filed over nineteen months after the court's entry of judgment, Plaintiff's motion is untimely and shall be denied.

IT IS THEREFORE ORDERED that Plaintiff Todd Evans's Motion to Vacate Settlement and Reopen Case (#86) is DENIED.

IT IS SO ORDERED.

DATED this 25th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE